AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

District of Nevada

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   2:12-cr-004-APG-GWF |
| Andrei Bolovan, ) | |
| *Defendant* ) | |

**DETENTION ORDER PENDING TRIAL**

    After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

**Part I—Findings of Fact**

☐ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been

    of  ☐ a federal   ☐ a state or local offense that would have been a federal offense if federal

    jurisdiction had existed  -  that is

        ☐  a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

        ☐  an offense for which the maximum sentence is death or life imprisonment.

        ☐  an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

        ☐  a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

        ☐  any felony that is not a crime of violence but involves:

            ☐  a minor victim

            ☐  the possession or use of a firearm or destructive device or any other dangerous weapon

            ☐  a failure to register under 18 U.S.C. § 2250

☐ (2)  The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3)  A period of less than five years has elapsed since the  ☐ date of conviction   ☐ the defendant's release

    from prison for the offense described in finding (1).

☐ (4)  Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community.  I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

(1)  There is probable cause to believe that the defendant has committed an offense

---

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

District of Nevada

    for which a maximum prison term of ten years or more is prescribed in _____ .

    ☐ under 18 U.S.C. § 924(c).

(2)    The defendant has not rebutted the presumption that no condition will reasonably assure the defendant's appearance and the safety of the community.

**Alternative Findings (B)**

X  (1)    There is a serious risk that the defendant will not appear.

    (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

    The defendant declined to interview with Pretrial Services. Therefore, the Court has a lack of information regarding his background as well as his current circumstances. The Court notes that the defendant is a citizen of Romania. Therefore, an Immigration and Customs Enforcement detainer has been lodged against the defendant because he has no legal status in the United States and is in this country solely to appear on these charges. Additionally, the defendant has a prior federal conviction for wire fraud. Therefore, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. He is remanded to the custody of the U.S. Marshal.

**Part II— Statement of the Reasons for Detention**

    The Court finds by a preponderance of the evidence that there are no conditions or combination of conditions can be fashioned that will reasonably assure the appearance of this defendant as required.

**Part III—Directions Regarding Detention**

    The defendant is committed to the custody of the U.S. Marshal or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:    April 28, 2014

*Judge's Signature*

NANCY J. KOPPE, United States Magistrate Judge

*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 2 of 2